# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-24-00439-CR
_____

### WINSTON RUIZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 23-11-16435-CR**

### MEMORANDUM OPINION

Winston Ruiz appeals his conviction for sexual assault, a second-degree felony. *See* Tex. Penal Code Ann. § 22.011(a)(1). After filing the notice of appeal, the trial court appointed an attorney to represent Ruiz in his appeal. The attorney discharged his responsibilities to Ruiz by filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In the brief, Ruiz's attorney represents there are no arguable reversible errors to be addressed in Ruiz's appeal. *See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim.

1

App. 1978). The brief the attorney filed contains a professional evaluation of the record. In the brief, Ruiz's attorney explains why, under the record in Ruiz's case, no arguable issues exist to reverse the trial court's judgment. *Id*. Ruiz's attorney also represented that he sent Ruiz a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Ruiz, by letter, that he could file a pro se brief or response with the Court on or before June 2, 2025. Ruiz did not file a response.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Thus, it follows the appeal is frivolous. *Id.* at 826. For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The trial court's judgment is affirmed.[1]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on July 14, 2025
Opinion Delivered July 23, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1]Ruiz may challenge our decision in the case by filing a petition for discretionary review with the Court of Criminal Appeals. *See* Tex. R. App. P. 68.